## Case No. 7.

### ABBETT v. ZUSI.

[5 Ban. & A. 38;[1] 3 N. J. Law J. 47.]

Circuit Court, D. New Jersey. Dec. 20, 1879.

PATENTS FOR INVENTIONS—LICENSE—CONDITIONAL ASSIGNMENT—BREACH OF CONDITION — CAVEAT EMPTOR.

1. An assignment of certain patents having been granted with a condition therein that, if default were made in payment of any of the instalments of the consideration money therefor, thereupon the assignment should become null and void, and default having been made, and

a re-assignment taken, (previous to which, however, the assignee had granted a license to a third party to use the patents,) *held*, that a license granted under such circumstances was no defence to a charge of infringement by the use of the patents, because the assignee could give no better title than he himself had and the licensee ought to have inquired into the assignee's right to grant such license.

2. The maxim "caveat emptor" applied, under the facts in this case.

[In equity. Bill by Leon Abbett against Edward Zusi to enjoin infringement of letters patent, and for an accounting. Injunction granted.]

A. Q. Keasbey & Sons, for complainants. B. C. Potts, for defendant.

NIXON, District Judge. The bill is filed for the infringement of certain letters patent, and for an injunction and an account. The answer admits the validity of the patents, and the use of the same by the defendant, but claims the right under a license granted to him by one Henry Sauerbier, who was the grantee of Flora B. Cabell, one of the owners thereof. It appears by the evidence, that on the 7th day of March, 1876, Flora B. Cabell, claiming to own the one-fourth part of the patents in controversy, for the consideration of $10,000, executed a writing conveying to said Sauerbier, all her right and interest therein; the assignment containing a condition, nevertheless, that the same should be null and void if the grantee failed to pay within ten days after their falling due, any one of nineteen promissory notes for $500 each, which the grantee of the patents had given, in addition to $500 in cash, as the consideration of the conveyance.

After the payment of two or three of the notes first maturing, the grantee allowed the remaining notes to go to protest. Steps being taken to vacate the transfer on account of said default in payment, Sauerbier, on the 15th of August, 1878, reassigned his interest in the patents to Mrs. Cabell, with covenant in writing that he was the owner of the same, and had not made any other assignment thereof. It appears, however, that previous to the said reassignment, to wit, on the 7th of January, 1878, he had granted a license to the defendant to use the patents in the manufacture of fluting machines, for the period of four years from that date, for the consideration of $4,000, and the question presented is whether a license under such circumstances is a defence to the infringement. I think that it is not. It would seem to be a proposition which required no argument, that the defendant derived from the grantor, Sauerbier, no better title than the latter had at the time of the transfer. But the notes that Sauerbier had given for the patents had remained under protest and unpaid for more than a year, and his right of ownership expressly depended upon their payment. The maxim "caveat emptor" applied, and if the defendant did

[1][Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

not deem it worth his while, when he took the license, to inquire into the right of Sauerbier to grant it, he should not now complain if he comes to loss by his want of such ordinary diligence and care in the purchase.

The case of Woodworth v. Weed, [Case No. 18,022,] seems applicable. There a license had been given to use a patented machine, for which the licensee executed and delivered five promissory notes, payable at different times, with an agreement in writing, that if any one of the notes should become due and unpaid, the license should be void. Judge Nelson held, that from the terms of such an agreement, the license was forfeited the moment one of the notes became due and unpaid, and that the grantor might treat the rights of the grantee as forfeited, and, at once, apply for an injunction against any further use of the machine. It is not quite clear, under the facts of the case, that the complainants are entitled to an account, but their right to an injunction is without question, and it is accordingly ordered, with costs.